UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEHINDE HUSSEIN OYETUNJI,<br><br>Defendant | Criminal No. 22cr10250<br><br>Violation:<br><br><u>Count One</u>: Conspiracy to Obtain Unauthorized Access to Protected Computers in Furtherance of Fraud and to Commit Theft of Government Money and Money Laundering<br>(18 U.S.C. § 371)<br><br><u>Forfeiture Allegation</u>:<br>(18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 28 U.S.C. § 2461(c)) |

<u>INFORMATION</u>

At all times relevant to this Information:

### General Allegations

1. Defendant KEHINDE HUSSEIN OYETUNJI, a native of Nigeria, resided in West Fargo, North Dakota.

2. Coconspirator MATTHEW ABIODUN AKANDE, a native of Nigeria, resided in Mexico.

3. Coconspirator 2 ("CC-2") and Coconspirator 3 ("CC-3") resided in or near West Fargo, North Dakota.

4. Victim CPA Firm 1 was located in Massachusetts and provided tax preparation services for individuals.

5. The Internal Revenue Service ("IRS") is an agency of the United States within the Department of the Treasury and is responsible for enforcing and administering the United States' tax laws, including by issuing tax refunds when appropriate.

## Overview of the Conspiracy

6. From no later than in or about June 2020 through in or about August 2020, the defendant, KEHINDE HUSSEIN OYETUNJI, conspired with AKANDE, CC-2, CC-3, and others known and unknown to the U.S. Attorney to steal money from the U.S. government through the filing of fraudulent tax returns that contained taxpayer information stolen from the computer networks of tax preparation firms, including Victim CPA Firm 1.

## Objects and Purpose of the Conspiracy

7. The objects of the conspiracy were:

   a. to use fraudulent emails and malicious software to access the computers of tax preparation firms without authorization to steal confidential—and valuable—client information, including taxpayers' personally identifiable information ("PII") and prior years' tax information;

   b. to file with the IRS fraudulent tax returns that claimed tax refunds, including by using taxpayers' stolen PII and prior years' tax information; and

   c. to commit money laundering by transferring the fraudulently obtained tax refunds in a manner designed to evade detection of the conspiracy.

8. The principal purpose of the conspiracy was to profit by fraudulently obtaining money from the U.S. government.

Manner and Means of the Conspiracy

9. Among the manner and means by which OYETUNJI, AKANDE, CC-2, CC-3, and coconspirators known and unknown to the U.S. Attorney carried out the conspiracy were the following:

   a. Preparing remote access trojan malicious software ("RAT malware") designed to enable remote access to a victim's computer network;

   b. Using specialized encryption software known as a crypter to make the RAT malware undetectable by antivirus software;

   c. Tricking tax preparation firms into downloading and executing the RAT malware through fraudulent emails that impersonated prospective clients purporting to seek the tax preparation firms' services;

   d. Using the RAT malware to obtain the PII and prior year tax information of the tax preparation firms' clients;

   e. Filing with the IRS fraudulent tax returns that sought tax refunds, including by using taxpayers' PII and prior year tax information stolen from the tax preparation firms;

   f. Enlisting coconspirators to open U.S. bank accounts to receive fraudulently obtained tax refunds;

   g. Directing U.S. banks to send debit cards associated with the U.S. bank accounts to coconspirators;

   h. Directing the IRS to deposit the requested tax refunds into the U.S. bank accounts that the conspiracy controlled;

    i.  Tracking the filing of fraudulent tax returns, the U.S. bank accounts into which the tax refunds were deposited, and the coconspirators responsible for the U.S. bank accounts;

    j.  Laundering the fraudulently obtained tax refunds, including by making cash withdrawals from the U.S. bank accounts, transferring the proceeds through money transmitting businesses, and/or converting them to cryptocurrency; and

    k.  Splitting the fraudulently obtained tax refunds among the coconspirators.

### Overt Acts in Furtherance of the Conspiracy

10. Between in or about June 2020 and in or about August 2020, OYETUNJI, AKANDE, CC-2, CC-3, and coconspirators known and unknown to the U.S. Attorney committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

    a.  On or about June 2, 2020, AKANDE sent a fraudulent email to the owner of Victim CPA Firm 1. The email purported to come from the Chief Executive Officer of a Massachusetts-based architectural engineering firm (the "Victim CEO") and falsely stated that he was seeking tax preparation services. The email contained a link to a Dropbox account that supposedly contained the Victim CEO's prior year tax information. In reality, the Dropbox account contained a disguised executable file that, when downloaded and executed, would cause Victim CPA Firm 1 to unknowingly download RAT malware onto its computer network. The owner of Victim CPA Firm 1 accessed the link and, as AKANDE intended, unknowingly downloaded the RAT malware, which thereafter collected Victim CPA Firm 1's client PII and prior years' tax information.

4

    b. On or about June 30, 2020, AKANDE caused a fraudulent tax return that sought a refund of $8,516 to be electronically filed with the IRS in the name of Victim Individual 1, a client of Victim CPA Firm 1 whose PII and prior year tax information AKANDE collected via the RAT malware. The fraudulent tax return directed the IRS to deposit the requested refund into a Green Dot bank account in the name of Victim Individual 1, which the IRS did on or about July 9, 2020.

    c. On or about July 16, 2020, OYETUNJI messaged AKANDE an address in Fargo, North Dakota to which AKANDE should send a debit card to be used to withdraw fraudulent tax refund proceeds.

    d. On or about July 16, 2020, AKANDE caused Green Dot to issue a replacement debit card for the account in Victim Individual 1's name and ordered a rush delivery by FedEx to the address OYETUNJI provided.

    e. On or about July 22, 2020, AKANDE messaged OYETUNJI the first name of Victim Individual 1, the word "pin," and a four-digit number.

    f. Between July 24 and August 11, 2020, in or around Fargo and West Fargo, North Dakota, OYETUNJI or a coconspirator used the Green Dot debit card in Victim Individual 1's name to make approximately ten ATM withdrawals and five purchases at retailers (each of which included cash back) totaling more than $8,400.

    g. On or about July 24, 2020—the same day the withdrawals from the Green Dot bank account in Victim Individual 1's name began—AKANDE instructed OYETUNJI to send the conspiracy's proceeds to a person in Mexico ("Mexico Recipient 1").

   h. On or about July 27, 2020, OYETUNJI sent the name and location of Mexico Recipient 1 that AKANDE had provided him to CC-2.

   i. On or about July 27, 2020, CC-2 sent $1,390 via Western Union to Mexico Recipient 1.

   j. On or about July 29, 2020, AKANDE messaged OYETUNJI the names of two other individuals to whom OYETUNJI should send the conspiracy's proceeds.

   k. Later that same day, OYETUNJI messaged AKANDE that CC-3 would be the "sender" and that one of the two individuals ("Mexico Recipient 2") would be the "receiver."

   l. Later that same day, CC-3 sent $1,500 via Western Union to Mexico Recipient 2 at an address in Mexico.

   m. Between July 27 and August 14, 2020, CC-2 and CC-3 sent a total of approximately $7,840 to Mexico Recipients 1 and 2 in Mexico.

COUNT ONE
Conspiracy to Obtain Unauthorized Access to Protected Computers in Furtherance of Fraud
and to Commit Theft of Government Money and Money Laundering
(18 U.S.C. § 371)

The United States Attorney charges:

11.  The U.S. Attorney re-alleges and incorporates by reference paragraphs 1 through 10(m) of this Information.

12.  From no later than in or about June 2020 through in or about August 2020, in the District of Massachusetts, and elsewhere, the defendant,

KEHINDE HUSSEIN OYETUNJI,

conspired with AKANDE, CC-2, CC-3, and others known and unknown to the U.S. Attorney to commit offenses against the United States, to wit:

    a.  unauthorized access to computers, in violation of Title 18, United States Code, Section 1030(a)(4), that is, to knowingly access a protected computer without authorization, with intent to defraud, and by means of such conduct to further the intended fraud and obtain a thing of value, specifically, the personally identifiable information and prior years' tax information of the tax preparation firms' clients;

    b.  theft of government money, in violation of Title 18, United States Code, Section 641, that is, to knowingly and willfully embezzle, steal, purloin, and convert to his use and the use of another any money and thing of value of the United States and of any department and agency thereof, in a total amount greater than $1,000, namely, fraudulent tax refunds seeking refunds greater than $1,000; and

    c. money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), that is, to conduct and attempt to conduct financial transactions, to wit, cash withdrawals and subsequent wire money transfers, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, theft of government money in violation of Title 18, United States Code, Section 641, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

 All in violation of Title 18, United States Code, Section 371.

FORFEITURE ALLEGATION
(18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

13. Upon conviction of conspiracy to commit offenses against the United States, in violation of Title 18, United States Code, Section 371, set forth in Count One, the defendant,

KEHINDE HUSSEIN OYETUNJI,

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, and, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.  The property to be forfeited includes, but is not limited to, the following:

    a. $30,000, to be entered in the form of a forfeiture money judgment.

14. If any of the property described in Paragraph 13, above, as being forfeitable pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c)

and Title 18, United States Code, Section 982(b), both incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 13 above.

All pursuant to Title 18, United States Code, Sections 982(a)(1)(C) and 982(a), and Title 28, United States Code, Section 2461(c).

                                        RACHAEL S. ROLLINS
                                        United States Attorney

By     _____
       JAMES R. DRABICK
       Assistant U.S. Attorney

Dated: September 16, 2022